# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

SHAWN TEMPLE,

    Plaintiff,

v.                                                     CASE NO.:

CITY OF CRESTVIEW,
a municipal corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, SHAWN TEMPLE, hereby sues Defendant, CITY OF CRESTIVEW, and alleges:

## JURISDICTION

1. This is an action brought under §112.3187, Florida Statutes, for claims which are valued in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest and attorney's fees.

2. This is an action for damages, injunctive relief, attorney's fees and costs.

## CONDITIONS PRECEDENT

3. Plaintiff has satisfied all conditions precedent to filing this action. Plaintiff timely filed a charge of discrimination with the EEOC and FCHR retaliation pursuant to Chapter 760, Florida Statutes and Title VII, 42 U.S.C. § 2000e.[1]

---

[1] These claims are pending exhaustion of administrative remedies. An Amended Complaint will be filed upon proper exhaustion.

# EXHIBIT "A"

## THE PARTIES

4. At all times pertinent hereto, Plaintiff, SHAWN TEMPLE has been a resident of the State of Florida. She was employed with Defendant at all times pertinent hereto and is *sui juris*.

5. Defendant, CITY OF CRESTVIEW, is a municipal corporation and political subdivision of the State of Florida and has been an "employer" as that term is used under the applicable laws set forth above.

## FACTS

6. Plaintiff began his employment with Defendant in 1999 as a law enforcement officer with the Crestview Police Department until his termination on August 23, 2018.

7. Plaintiff was subjected to retaliation after reporting violations of laws, rules and regulations to the Mayor of the City of Crestview. The conduct Plaintiff reported included acts of misfeasance, malfeasance and or gross misconduct by Defendant.

8. In late April 2018, Plaintiff reported to Mayor David Cadle that members of his staff, specifically Commander Andrew Schneider and Deputy Chief of Police Jamie Grant, were subjecting Officer Cristina Dawson to gender discrimination and retaliation.

9. On May 5, 2018, Officer Dawson reported her allegations of gender discrimination and retaliation to then Chief of Police, Tony Taylor.

10. On May 6, 2018, Chief Taylor informed the Mayor of these claims via email.

11. Thereafter, the mayor instructed Chief Taylor to investigate the allegations by Officer Dawson further.

12. On May 8, 2018 Chief Taylor took a sworn statement from Officer Dawson and Officer Joseph Seals regarding these claims.

**EXHIBIT "A"**

13. On May 9, 2018, Chief Taylor took a sworn statement from Plaintiff regarding these claims.

14. On May 9, 2018, Chief Taylor was placed on administrative leave by the mayor.

15. On May 10, 2018, Plaintiff, along with Officer Seals and Officer Dawson, were placed on administrative leave pending an internal affairs investigation.

16. One month later, on June 8, 2018 Chief Taylor was terminated by the Mayor.

17. On August 23, 2018, Plaintiff was terminated from employment.

18. Plaintiff believes his termination was in retaliation for reporting the unlawful actions Defendant to both the Mayor and Chief of Police.

19. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a reasonable fee and costs for her services. Defendant should be made to pay said fee and all costs associated with this action under the laws applicable to this case.

## COUNT I
## VIOLATION OF PUBLIC WHISTLE BLOWER ACT

20. Paragraphs 1-19 are incorporated herein by reference.

21. This is an action against Defendant under §112.3187 et seq., Florida Statutes.

22. Plaintiff was a public employee protected under the provisions of Chapter 112, Florida Statutes.

23. As stated more specifically, in part, above, Plaintiff reported and disclosed violations of rules, regulations and laws to a person who had the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws reported by Plaintiff. Plaintiff reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187 (5), et seq., Florida Statutes.

# EXHIBIT "A"

24. After providing information as well as reporting these matters as related more fully above, Plaintiff was the victim of retaliatory actions leading to his termination.

25. Plaintiff's position and responsibilities within Defendant were adversely affected as a result of his reporting violations of rules, regulations and laws specified in part above. These actions were taken against him after she objected to and/or reported matters that she reasonably suspected were and/or actually were incidents of gross misconduct, malfeasance, and/or misfeasance within Defendant. These reports were conveyed to the Mayor, who could remedy the violations. After reporting these matters within Defendant, adverse actions were taken against Plaintiff.

26. Under §112.3187(4), Defendant is prohibited from taking adverse personnel action against persons like Plaintiff who disclose the types of information disclosed by Plaintiff. Specifically, Defendant is prohibited from dismissing, disciplining or otherwise taking any other adverse personnel action against an employee for disclosing information pursuant to the provisions of §112.3187(4), Florida Statutes. Under §112.3187(3)(c) "adverse personnel action" is defined as "the discharge, suspension, transfer or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee within the terms and conditions of employment by an agency or independent contractor."

27. After making the disclosures identified in part above, Plaintiff suffered adverse employment action.

28. Plaintiff maintains that the actions of all employees within Defendant who affected his employment adversely did so in retaliation against him for his whistleblower

# EXHIBIT "A"

activities, reporting discrimination.

29. As a direct and proximate result of the actions taken against him by Defendant, Plaintiff has suffered injury, including but not limited to wage losses, loss of benefits, and other tangible and pecuniary damages. These damages have occurred in the past, are occurring at present and will occur in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest and equitable relief; and

(g) grant such other further relief as being just and proper under the circumstance.

# EXHIBIT "A"

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted this 19th day of February, 2019.

/s/ **Tiffany R. Cruz**
Tiffany R. Cruz, FBN 90986
FRIEDMAN, ABRAHAMSEN & CRUZ
403 E. Park Avenue
Tallahassee, FL 32301
Telephone: (850) 681-3540
Tiffany@fa-lawyers.com
Paralegal@fa-lawyers.com

ATTORNEY FOR PLAINTIFF